(No. 4064— )

ALICE COGDILL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 21, 1948.*

*R*oss E. ABMBRUSTER, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DAMRON, J.

This is a claim for permanent and total disability.

The record consists of a complaint, departmental report, transcript of evidence, commissioner's report, claimant's brief, statement and argument, and respondent's brief, statement, and argument.

At the hearing the parties hereto entered into a stipulation that the above named claimant was injured on March 1, 1947, while on the institution grounds at the Alton State Hospital, while she was enroute from the nurses' home where she resided on said grounds to the administration building where she had her office and

that the accident arose out of and in the course of her employment where she had her office. It is further stipulated by and between the parties hereto that she earned $3,460.00 during the year immediately prior to her injury and that subsequent to her injury the respondent paid her $1,332.00 "for disability time"; that the respondent had notice of the accident in 30 days; that claim for compensation was made within six months of the injury and that the claimant had no children under the age of 16 years dependent upon her for support.

There is but one question therefore for this Court to determine, that is the nature and extent of her injury and whether or not said injury has caused her to be totally and permanently disabled as defined under the terms and provisions of the Workmen's Compensation Act of this State. (Section 8, Par. f.)

The claimant testified at the hearing that she was 45 years of age at the time of the injury and was chief nurse at the Alton State Hospital; that she suffered an injury on said date which involved the coccyx and the lower lumbar spine when she fell on the snow and ice on the grounds of the respondent. She further testified and the record shows that from the date of her injury to the taking of the testimony she had not returned to her employment.

Dr. H. R. McCarroll treated the claimant after her injury but did not testify; however, three letters from him were introduced in evidence being dated March 12, 1947, May 13, 1947, and March 13, 1948. The letter of March 13, 1948 is as follows:

"This patient has sustained injury to her lower lumbar spine and this may well represent an early intervertebral disc lesion. Her findings are sufficient at present that the present plan of conservative treatment should be continued indefinitely. I do not think she is able to return to work and whether or not this will be possible in the future, *I am unable to state.*"

The letter dated March 20, 1947 stated that claimant had pain in the region of the coccyx but that X-rays showed no evidence of fracture and in his letter dated May 15, 1947, he said that "there has been some improvement in these pains" and "that there was no tenderness of the lower lumbar spine, nor muscle spasms and she had good motion in that region."

In order for this Court to make an award for permanent and total disability the claimant must show by a preponderance of evidence that she is "wholly and permanently incapable of work." (Section 8, Par. (f) Workmen's Compensation Act.) To be entitled to compensation for partial incapacity, claimant must show by a preponderance of evidence, the difference in what she did earn before the injury and the amount she is able to earn after the injury. (Section 8, Par. (d) Workmen's Compensation Act.)

The medical testimony in this case does not show, as is required by the Act, that the claimant is either totally disabled or partially disabled. While it is true that claimant testified that she is unable to do any type of work and that she suffers pain, yet that is insufficient. Her testimony is to be construed as subjective and under Section 8, Par. (i-3) of the Act she must prove her right to an award by objective testimony and this she has failed to do.

We have repeatedly held and the Supreme Court of this State has held that liability under the Workmen's Compensation Act cannot rest upon imagination, speculation, or conjecture but must be based on a preponderance of the evidence, *Sanitary Dist.* vs. *Ind. Comm.*, 343 Ill. 236; *Mandel* vs. *State*, 12 C.C.R. 29; *Ruddy* vs. *State*, 16 C.C.R. 57, on this record as we find it we are compelled to deny an award to the claimant.

Award denied.

Mrs. William Schmidt transcribed the testimony in the above entitled cause and has made a charge of Twenty-one ($21.00) Dollars for such services. We find that said amount is fair, reasonable, and customary for the services rendered by her.

An award is therefore hereby entered in favor of Mrs. William W. Schmidt, Godfrey, Illinois, in the sum of $21.00.